# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4407 | **DATE** | 11/30/2000 |
| **CASE TITLE** | REINHERZ vs. SUN MICROSTAMPING INC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Pursuant to Memorandum Opinion and Order entered this day, defendant's motion to dismiss Count II is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | DEC 1 2000 date docketed | 16 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 11/30/2000 date mailed notice | |
| JS | courtroom deputy's initials | FILED FOR DOCKETING 00 NOV 31 AM 7:28 | |
| | | Date/time received in central Clerk's Office | JS mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM D. REINHERZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 00 C 4407 |
| ) | |
| SUN MICROSTAMPING, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

William D. Reinherz filed a two-count complaint against defendant Sun Microstamping, Inc. ("Sun") alleging breach of contract (Count I) and Violation of the Illinois Sales Representative Act (Count II). Sun has filed a motion to dismiss Count II of Reinherz's complaint pursuant to Federal Rule of Civil procedure 12(b)(6) on the basis that Florida law controls this dispute pursuant to the parties' choice of law provision, and thus, according to Sun's motion, Reinherz is unable to state a claim under the Illinois Sales Representative Act. For the following reasons, Sun's motion is DENIED.

## STATEMENT OF FACTS

As alleged in Reinherz's complaint, Reinherz entered into a Sales Representative Agreement with Sun in May 1991. Sun is domiciled and has its principal place of business in Florida. The Agreement was drafted by Sun in Florida and signed by Reinherz, without any changes, in Minnesota. The Agreement contains a choice-of-law provision that provides: "[t]his agreement shall

1

be subject to and shall be enforced and construed persuant [sic] to the laws of the State (Principal's State) where the Principal's main office is located, as set forth below."

At the time of the initial execution of the agreement, Reinherz was a Minnesota resident, but was granted a number of customers who were located in Illinois. Reinherz had established contacts with many of the Illinois customers before becoming a sales representative for Sun. Reinherz specifically targeted Motorola, which is headquartered in Illinois, and Reinherz's commissions from Motorola constituted the majority of his compensation from Sun. Reinherz moved to Illinois in 1995 in order to better serve his Motorola account. Reinherz also served other customers in Illinois, Florida, Minnesota, North Dakota, South Dakota, and Wisconsin. Reinherz argues that Sun generates 40 million dollars per year, with one-half of its sales attributable to Illinois companies. Reinherz alleges that Sun has terminated his employment and refused to pay commissions due to him under the Agreement.

## STANDARD OF REVIEW

In ruling on a motion to dismiss, the court must presume all of the well-pleaded allegations of the complaint to be true. Miree v. DeKalb County, 433 U.S. 25, 27 n.2, 97 S. Ct. 2490, 2492 n.2 (1977). The court must view those allegations in the light most favorable to the plaintiff. Gomez v. Illinois State Bd. of Educ., 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal under Rule 12 (b)(6) is proper only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); see also Panares v. Liquid Carbonic Industries Corp., 74 F.3d 786, 791 (7th Cir. 1996).

## ANALYSIS

Sun argues that Florida law controls this litigation and Reinherz cannot state a claim under Illinois law because the choice-of-law provision is controlling. Reinherz responds that the choice-of-law provision should not be enforced because it is contrary to a fundamental policy of Illinois and Illinois has a materially greater interest than Florida in the determination of this particular issue.

Reinherz premises his argument on § 2 of the Illinois Sales Representative Act ("the ISRA"), which provides: "All commissions due at the time of termination of a contract between a sales representative and principal shall be paid within 13 days of termination, and commissions that become due after termination shall be paid within 13 days of the date on which such commissions become due. Any provision in any contract between a sales representative and principal purporting to waive any of the provisions of this Act shall be void." Section 3 of the ISRA provides for exemplary damages of up to three times the amount of commissions owed to the sales representative, as well as attorney's fees, against a principal who does not comply with the provisions of § 2. Florida law does not contain a similar provision.

A federal court sitting in diversity must apply the law of the state in which it sits, including that state's conflict-of-laws rules. <u>Klaxon Co. v. Stentor Electric Manufacturing Co.</u>, 313 U.S. 487, 496 (1941). Illinois has adopted the Restatement (Second) of Conflict of Laws to resolve such issues. <u>See Nelson v. Hix</u>, 122 Ill.2d 343, 522 N.E.2d 1214 (1988). Section 187 of the Restatement (Second), governs in situations in which parties have included an express choice-of-law provision in their contract. That section provides that the parties' choice of law should govern unless: (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or (b) application of the law of the chosen state would be

3

contrary to a fundamental policy of a state that has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties. Restatement (Second) §187(2)(a), (b).

Reinherz argues that enforcement of the parties' choice of Florida law would be contrary to a fundamental policy of the state of Illinois. This court agrees. Two courts have found that the ISRA clearly expresses a "fundamental policy of the state" within the meaning of § 187(2)(b) to protect the relative bargaining power and thus the commissions of sales representatives working in Illinois. See Maher and Associates, Inc. v. Quality Cabinets, 267 Ill. App. 3d 69, 640 N.E.2d 1000, 203 Ill. Dec. 850 (Ill. App. 2 Dist. 1994) ("The only reasonable interpretation of section 2 of the Sales Act is that the legislature was announcing fundamental public policy when it decided that any contract purporting to waive any provisions of the Act is void."); Midwest Enterprises, Inc. v. Generac Corp., 1991 WL 169059, at *4 (N.D. Ill. Aug 27, 1991).

Section 187(2)(b) will permit Illinois public policy to negate the parties' contractual choice of Florida law, however, only if Illinois has a materially greater interest than Florida in the resolution of Count II. This court finds that Illinois does have a materially greater interest in the resolution of Count II. Florida's only connections to this litigation are that it is Sun's domicile and principal place of business and Reinherz solicited orders from companies located in Florida, among several other states. While these factors are sufficient to provide Florida with a "substantial relationship" to the litigation for purposes of § 187(2)(a), they are not enough to prevent this court from concluding that Illinois' interest in the litigation is "materially greater" for purposes of § 187(2)(b). This case concerns commissions allegedly due under a sales representative agreement, and Illinois is the home

of the majority of Reinherz's largest customers, solicited on behalf of Sun. Sun brings in substantial revenue from those customers, and Reinherz has put extensive work into the Illinois customers, even moving to Illinois to better serve them. Illinois has expressed a fundamental policy of protecting sales representatives working in Illinois, such as Reinherz, while Florida law does not protect the relative bargaining power of sales representatives. Having concluded that Illinois has a materially greater interest in this litigation and that Illinois has expressed a fundamental policy that would be contravened by the application of Florida law to this issue, this court further concludes that Illinois law must govern Count II of Reinherz's complaint.

## CONCLUSION

For the reasons stated, defendant Sun's motion to dismiss Count II of plaintiff Reinherz's complaint is DENIED. This court urges the parties to discuss settlement of this case. All previously set dates shall stand.

ENTER:

JAMES F. HOLDERMAN

United States District Judge

DATE: November 30, 2000